UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL JOHNSON,

                    Plaintiff,

        v.                                              Case No. 23-cv-956-pp

MILWAUKEE COUNTY JAIL,

                    Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A AND ALLOWING PLAINTIFF TO
FILE AMENDED COMPLAINT**

---

Michael Johnson, who is incarcerated at Waupun Correctional

Institution and is representing himself, filed a complaint under 42 U.S.C.

§1983, alleging that his rights were violated when he was incarcerated at the

Milwaukee County Jail. This decision resolves the plaintiff's motion for leave to

proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint,

dkt. no. 1.

## I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the

plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 1, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $305.65. Dkt. No. 8. The court received that fee on August 22, 2023, and on October 4, 2023, the Clerk of Court documented that the plaintiff had paid the filing fee in full. Dkt. No. 12. Because the plaintiff has paid the full filing fee, the court will deny as moot his motion for leave to proceed without prepaying the filing fee.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff has sued the Milwaukee County Jail. Dkt. No. 1 at 1. He alleges that on November 8, 2020, he pushed the button in his cell and explained that he was having headaches and that his right eye "[was] hurting bad" and "[kept] leaking." Id. The medical nurse allegedly "took one hour before she came to [the plaintiff's] cell, then the nurse said this [wasn't] a medical emergency." Id. The plaintiff states that the next day, he was in greater pain, so

3

he pushed the button in his cell and said he needed to see "optical, or go to the hospital." Id. The plaintiff alleges that the day after that (November 10), he filed a complaint on the "kiosk" to HSU and "through the remainder of November [he] was in pain and kept pushing he button for medical help and the nurse would come to [his] cell door and say this isn't a medical emergency." Id. at 2-3.

The plaintiff alleges that "[e]ventually, he was shipped" to the House of Correction in Franklin, Wisconsin (now the Milwaukee County Community Reintegration Center), and when he arrived, he explained "the magnitude of the pain in my eye." Id. at 3. The plaintiff states that he then was sent to Froedtert Hospital Optical Center, where he was told he had glaucoma and that if he had received medical attention earlier, it would have saved the vision in right eye. Id. The plaintiff states that he is "now totally blind in the right eye and the vision in the left eye is in question." Id.

The plaintiff alleges that he currently is incarcerated at Waupun Correctional Institution, and he goes to Froedtert Optical Center every six months. Id. He says that he has had laser surgery several times to help with the vision issue in his right eye, "but it's too late." Id.

For relief, the plaintiff seeks monetary damages. Id. at 4.

C.     Analysis

The plaintiff cannot sue the Milwaukee County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not

4

an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail.

It is not clear whether the plaintiff was in the jail as a pretrial detainee or a criminally convicted person during the events described in the complaint. If he was a "pretrial detainee," his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a criminally convicted incarcerated individual, his rights arise out of the Eighth Amendment. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by incarcerated persons). Because the plaintiff has stated a claim under both

5

amendments, at this stage of the case the court need not determine which amendment applies.

A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. Cty. of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

6

An objectively serious medical need is one that either has been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff's allegations that he repeatedly asked for help for his eye condition, that the nurse repeatedly told him he didn't have a medical emergency, that he didn't receive medical care and that the result was that he lost vision in his right eye implicate the plaintiff's constitutional rights under the Fourteenth Amendment or the Eighth Amendment. As explained above, the plaintiff may not sue the Milwaukee County Jail under §1983 for the violation of those rights, and he has not sued any other defendant who allegedly failed to obtain medical care for him. That means that, as written, the complaint fails to state a claim for relief under 42 U.S.C. §1983.

The court will give the plaintiff the opportunity to file an amended complaint naming the individual defendant or defendants who allegedly did not give him medical care. To hold an individual defendant liable under §1983 for a violation of an incarcerated plaintiff's constitutional rights, the plaintiff must show that the defendant was personally responsible for that violation. Rasho v. Elyea, 856 F.3d 469, 478 (7th Cir. 2017) (citing Childress v. Walker, 787 F.3d

7

433, 439 (7th Cir. 2015)); see also Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." Rasho, 856 F.3d at 478 (citing Sanville, 266 F.3d at 740 (internal quotation marks omitted). While the defendant need not have participated directly in the deprivation of the plaintiff's constitutional right to be held liable, he or she must nonetheless have "'know[n] about the conduct, facilitate[d] it, approve[d] it, condone[d] it, or turne[d] a blind eye for fear of what they might see.'" Id. quoting Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)).

If the plaintiff believes that he was harmed because of a custom, policy or practice at the jail, he may name Milwaukee County as a defendant. To state sufficient facts to support a custom, policy or practice claim against Milwaukee County, the plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Waters v. City of Chi., 580 F.3d 575, 581 (7th Cir. 2009) (quoting Estate of Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 515 (7th Cir. 2007)).

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form to prepare his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the

first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III.    Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

9

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 17, 2023**. If the court receives an amended complaint by the end of the day on November 17, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the end of the day on November 17, 2023, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Case 2:23-cv-00956-PP   Filed 10/16/23   Page 10 of 11   Document 13

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 16th day of October, 2023.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

11