UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL JOHNSON,

                Plaintiff,

v.                                           Case No. 23-cv-956-pp

NURSE JOHNSON,

                Defendant.

**ORDER SCREENING SECOND AMENDED COMPLAINT (DKT. NO. 16)**

      Michael Johnson, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights were violated when he was incarcerated at the Milwaukee County Jail. The court screened the amended complaint and found that the plaintiff's allegations that he repeatedly asked for help for his eye condition, that the nurse told him he didn't have a medical emergency, that he didn't receive medical care and that as a result he lost vision in his right eye implicated his constitutional rights under the Fourteenth Amendment or Eighth Amendment. Dkt. No. 13 at 7. But because the plaintiff did not name any defendant who allegedly failed to obtain medical care for him, the court found that the compliant failed to state a claim. Id. The court gave the plaintiff an opportunity to file an amended complaint, and he has filed two copies of the same amended complaint (Dkt. Nos. 14, 15) and a second amended complaint (Dkt. No. 16). This order screens the second amended complaint.

1

## I. Screening the Second Amended Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     Allegations in the Second Amended Complaint

The plaintiff alleges that defendant Nurse Johnson violated his rights on November 6, 2020, and through the month of November. Dkt. No. 16 at 2. He states that on or about November 8, Nurse Johnson came to his cell for sick call, and he explained to her that he "was having headaches and [his] eye was leaking, swol[l]en and hurting." Id. Nurse Johnson allegedly said that it was not a medical emergency. Id. The plaintiff alleges that the pain was so great that he couldn't eat for days. Id. During Nurse Johnson's medical rounds on November 10, 2020, the plaintiff allegedly "again explained the pain [he] was feeling [and] she said again this isn't a medical emergency." Id.

The plaintiff alleges that eventually he was sent to the Milwaukee County Community Reintegration Center. Id. at 3. He says that when he arrived there and explained to the nurse the magnitude of his pain, the nurse looked at his eye and sent him to Froedtert Optical Center. Id. The plaintiff states that while

3

there, they explained that the glaucoma could spread to his other eye and if he had received medical attention earlier "it's a possibility that [they] could [have] done surgery and saved the one eye." Id. He says that they (presumably the staff at Froedtert) scheduled an appointment for laser surgery for his left eye "because they said it's a good chance it will spread because the pressure was so high in [his] eye." Id. The plaintiff states that he eventually received the laser surgery after he transferred to Waupun Correctional Institution. Id.

For relief, the plaintiff seeks $200,000 "because [he] can never get the vision back in [his] right eye, and due to the delay of medical services it made [his] vision in the one eye blurry, difficult to read." Id. at 4.

C. Analysis

It is not clear whether the plaintiff was in the Milwaukee County Jail as a pretrial detainee or a convicted person during the events described in the complaint. If he was a "pretrial detainee," his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted incarcerated individual, his rights arise out of the Eighth Amendment. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by incarcerated persons). As the court explained in its order screening the original complaint, the plaintiff states a claim under both the Fourteenth and the Eighth amendments. Dkt. No. 13 at 5-7. Because the plaintiff has stated a claim under both amendments, at this stage of the case the court need not

4

determine which amendment applies. The plaintiff may proceed against Nurse Johnson in her individual capacity based on his allegations that she did not provide or obtain medical care for the plaintiff's right eye and that he subsequently lost vision in the eye.

**II.  Conclusion**

The court **ORDERS** that the second amended complaint (Dkt. No. 16) is the operative complaint.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the second amended complaint (Dkt. No. 16) and this order to Milwaukee County for service on defendant Nurse Johnson. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the second amended complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**