# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL JOHNSON,**

    Plaintiff,

    v.                                                  **Case No. 23-CV-956**

**ALI JOHNSON,**

    Defendant.

## ORDER

Michael Johnson, who is incarcerated and representing himself, filed a motion to amend his complaint (ECF No. 25) and a motion to appoint counsel (ECF No. 33). This order resolves both motions.

### MOTION TO AMEND THE COMPLAINT (ECF NO. 25)

On January 2, 2024, the court screened Johnson's second amended complaint and allowed him to proceed on an Eighth Amendment claim for deliberate indifference to his medical needs against Nurse Ali Johnson. (ECF No. 21.) The court dismissed the remaining defendants because Johnson did not plead sufficient facts to state a claim against them.

On February 15, 2024, Johnson filed a motion to amend his complaint a third time and attached the proposed amended complaint. (ECF No. 25.) Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

It would be futile to allow Johnson to amend his complaint as proposed. He seeks to add Wellpath LLC as a defendant because Wellpath employed Nurse Johnson. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. Wellpath is not a person. While there are some instances in which a company acting as a state actor can be sued, Johnson seeks only monetary damages against Wellpath. He cannot proceed on such a claim against Wellpath. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Johnson also seeks to add John and Jane Doe defendants, but he does not include separate allegations against any Doe defendants. Because his amended complaint does not state viable claims against the Doe defendants, it would be futile to allow him to amend his complaint to add them.

Johnson's motion to amend his complaint is denied.

**MOTION TO APPOINT COUNSEL (ECF NO. 33)**

On February 22, 2024, Johnson filed a motion to appoint counsel. (ECF No. 33.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C.

§1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Johnson states that he has contacted three attorneys, none of whom responded to his inquiries. (ECF No. 33 at 2.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to

3

coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Johnson states that he requires a lawyer because he has glaucoma and has difficulty reading. He states that he is relying on other prisoners to help him litigate this case. Johnson's filings to date demonstrate that he is capable of communicating with the court even with his eye issues. And the issue in this case is fairly simple—namely, ….

At this stage, the court believes Johnson can appropriately litigate his case. As such, the court will deny his motion. If Johnson encounters obstacles later in the case or if his circumstances change and impact his ability to litigate the case, he may refile his motion.

**IT IS THEREFORE ORDERED** that Johnson's motion to file an amended complaint (ECF No. 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Johnson's motion to appoint counsel (ECF No. 33) is **DENIED without prejudice.**

4

Case 2:23-cv-00956-WED   Filed 04/29/24   Page 4 of 5   Document 40

Dated in Milwaukee, Wisconsin this 29th day of April, 2024.

                        BY THE COURT

                        _William E. Duffin_

                        WILLIAM E. DUFFIN
                        United States Magistrate Judge