**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MICHAEL JOHNSON,**

**Plaintiff,**

**v.** **Case No. 23-CV-956**

**ALI JOHNSON,**

**Defendant.**

---

**DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Michael Johnson, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 16.) Johnson was allowed to proceed on a claim against defendant Nurse Ali Johnson because she allegedly failed to adequately treat his eye condition. (ECF No. 17.) Johnson filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 41.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 31.) The motion is fully briefed and ready for a decision.

**PRELIMINARY MATTERS**

Nurse Johnson argues that Johnson failed to comply with Federal Rule of Civil Procedure 56 and Civil Local Rule 56 when responding to the motion for summary judgment, failing to substantively dispute her proposed findings of fact. (ECF No. 66 at 1-2.) District courts are entitled to construe *pro se* submissions leniently and may

overlook a plaintiff's noncompliance by construing the limited evidence in the light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). While Johnson does not dispute Nurse Johnson's proposed findings of fact, he does submit a declaration and a response wherein he explains why he could not exhaust his administrative remedies. As such, the court will consider the information contained in Johnson's responses where appropriate in deciding Nurse Johnson's motion.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be

of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Milwaukee County Jail has a formal process to address inmate grievances. (ECF No. 44, ¶ 7.) The process is outlined in the Occupant Handbook, which is given to prisoners at booking; is posted in a central location in the housing unit; is played on a continuous loop in the booking room; and pops up when a prisoner logs into the electronic database Kiosk system that houses the grievance system. (*Id.*, ¶¶ 9-13.) Since July 1, 2020, prisoners must submit grievances using the Kiosk. (*Id.*, ¶ 9.)

Once the prisoner submits the grievance via the Kiosk, it is given a request number. (ECF No. 44, ¶ 15.) The initial reviewing Jail staff member "may respond to the grievance, may forward the grievance to other staff or additional information, may send the grievance back to the inmate to ask for further information to better facilitate an investigation, or may re-categorize the grievance to a different area to better facilitate the investigation and enable the proper individuals to respond to that particular grievance, such as medical staff." (*Id.*, ¶ 16.) In the instance where a prisoner does not provide enough information to allow staff to investigate his grievance, the grievance is given back to the prisoner with the request to provide additional information. (*Id.*, ¶ 17.)

Once the initial investigation is completed, the staff member enters the response into the "Inmate Request Manager System," and "the supervisor over the Special Projects team or a designee reviews the response to determine if it adequately addresses the issue." (ECF No. 44, ¶ 18.) If the response is approved, the grievance is closed, and the prisoner can view the response in the Kiosk. (*Id.*, ¶¶ 18-19.)

If the prisoner is unhappy with the response, he must appeal to the Jail Lieutenant "by selecting the appeal option directly on the Kiosk screen." (ECF No. 44, ¶ 20.) After the Jail Lieutenant responds, if the prisoner is still dissatisfied, he must "appeal the grievance one final time to the Assistant Jail Commander or his designee." (*Id.*, ¶ 22.) After the second appeal, the grievance process is complete. (*Id.*, ¶ 23.)

If a prisoner needs assistance with the Kiosk or with filing a grievance, the Handbook directs the prisoner to either seek the assistance from Jail staff or request the assistance of an advocate. (ECF No. 49, ¶¶ 4-6.)

*Johnson's Claims and Attempts to Exhaust His Administrative Remedies*

Johnson was allowed to proceed on a claim that Nurse Johnson did not treat his eye issue. (ECF No. 21 at 5.) It is undisputed that Johnson did not fully exhaust his administrative remedies. (ECF No. 44, ¶ 30; ECF No. 46, ¶ 1.) While Johnson filed 14 grievances during the relevant time period, he appealed only 1 of those grievances to the Lieutenant, the first level of appeal. (ECF No. 44, ¶ 27.) After he received a response from the Lieutenant, he did not appeal that grievance to the second level of appeal, the Assistant Commander. (*Id.*, ¶¶ 28-29.) Johnson alleges that he could not fully complete the grievance process because his "vision had become so blurry that he couldn't see the Kiosk to understand and respond at times." (ECF No. 46, ¶ 1.) He notes that he was able to file several grievances in November 2020 with the help of other prisoners, but he does not say whether he ever requested assistance from Jail staff or an advocate. (*Id.*, ¶ 2.)

*Analysis*

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). An inmate can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

By asserting that he could not use the Kiosk system because of his vision issues, Johnson essentially argues that the grievance process was unavailable to him. However, he provides no evidence that he attempted to seek assistance from Jail staff or an advocate in using the Kiosk system, as the grievance procedure requires. At most, he states that fellow prisoners occasionally helped him, but this does not absolve him of the requirement to seek help from Jail staff or an advocate. As such,

he did not fully comply with the grievance procedure, and did not fully exhaust his administrative remedies. Summary judgment is granted in favor of Nurse Johnson.

## CONCLUISION

For the reasons stated above, Johnson failed to demonstrate that he exhausted his administrative remedies for his claims before filing this lawsuit. Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Nurse Johnson's motion for summary judgment (ECF No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court

cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 21st day of November, 2024.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge